UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20956-LEIBOWITZ/AUGUSTIN-BIRCH

**ODELYS ECHEVARRIA,**

   Plaintiff,

v.

**GOODWILL INDUSTRIES
OF SOUTH FLORIDA, INC.,**

   Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE

The Honorable David S. Leibowitz, United States District Judge, referred this case to the undersigned United States Magistrate Judge for all settlement proceedings. DE 22. As Plaintiff Odelys Echevarria filed this case under the Fair Labor Standards Act ("FLSA"), a settlement must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the settlement's fairness, the Court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355.

This case previously came before the Court on the parties' Joint Motion for Virtual Fairness Hearing to Approve Settlement and Dismissal with Prejudice. DE 21. The Court denied that Joint Motion without prejudice for the parties to first file a motion for settlement approval. DE 23. The Court required the motion for settlement approval to include standard information that the Court would use either to prepare for the fairness hearing the parties had requested or to approve the settlement without the need for a fairness hearing. *Id.* The Court

required the parties to file the motion for settlement approval by October 10, 2025, and stated that, upon review of the motion, the Court would determine whether to set a fairness hearing. *Id.* at 1.

The parties did not file a motion for settlement approval by the October 10 deadline. The Court then issued an Order to Show Cause. DE 24. The Order to Show Cause required the parties to, by October 16, both file the motion for settlement approval and show cause in writing why they did not file the motion in a timely manner. *Id.*

Plaintiff did not comply with the Order to Show Cause. Plaintiff now has violated two Court Orders. *See* DE 23; DE 24.

Defendant Goodwill Industries of South Florida, Inc. responded to the Order to Show Cause but did not file a motion for settlement approval. DE 25. In the response, Defendant states that it believed it was required to move for settlement approval only if it wanted a fairness hearing and was willing to file the settlement agreement in the public record. *Id.* at 2. Defendant states that it does not want to file the settlement agreement in the public record and is willing to forego a fairness hearing and allow this case to be closed. *Id.*

Defendant blatantly misreads the Court's Order. First, the Court did not make the filing of a motion for settlement approval optional. The Court's Order required the motion by October 10, as indicated by the use of the words "must file." DE 23 at 1 ("Therefore, the Joint Motion [DE 21] is **DENIED WITHOUT PREJUDICE** for the parties to file a joint motion to approve settlement that complies with the terms of this Order. The parties must file that joint motion by **October 10, 2025**."); *see Moody v. U.S. Att'y Gen.*, 730 F. App'x 851, 853 (11th Cir. 2018) (referring to the word "must" as "mandatory language").

Second, the Court's Order provided the parties a way to avoid filing their settlement agreement in the public record. The Court allowed the parties to file the settlement agreement under seal if, within the motion to approve settlement, they described their justification for keeping the settlement agreement out of the public record. DE 23 at 2. The Court's Order did not permit the parties to simply do nothing.

Thus, the Court is left with a situation where both parties have violated Court Order and have refused to provide the information the Court requires to either (1) prepare for a fairness hearing and discuss the settlement with the parties during such a hearing, or (2) evaluate the settlement's fairness without the need for a hearing. Lacking information to enable it to issue a recommendation on the fairness of the parties' settlement, the Court instead **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 22nd day of October, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE